# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MARCH 2026** **02798**

E-Filing Number: 2603045910

| | |
|---|---|
| PLAINTIFF'S NAME<br>ROBERT LITTLEJOHN | DEFENDANT'S NAME<br>OTIS ELEVATOR COMPANY |
| PLAINTIFF'S ADDRESS<br>1027 FLANDERS ROAD<br>PHILADELPHIA PA 19151 | DEFENDANT'S ADDRESS<br>ONE CARRIER PLACE<br>FARMINGTON CT 06032 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY
- ☐ $50,000.00 or less
- [X] More than $50,000.00

COURT PROGRAMS
- ☐ Arbitration
- [X] Jury
- ☐ Non-Jury
- ☐ Other:
- ☐ Mass Tort
- ☐ Savings Action
- ☐ Petition
- ☐ Commerce
- ☐ Minor Court Appeal
- ☐ Statutory Appeals
- ☐ Settlement
- ☐ Minors
- ☐ W/D/Survival

CASE TYPE AND CODE
2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
MAR 18 2026
L. BREWINGTON

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ROBERT LITTLEJOHN

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>DEVORAH PERETZ | ADDRESS<br>547 E. WASHINGTON AVE<br>NEWTOWN PA 18940 |
| PHONE NUMBER (215)550-6553 — FAX NUMBER none entered | |
| SUPREME COURT IDENTIFICATION NO.<br>328849 | E-MAIL ADDRESS<br>dperetz@swartzculleton.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*DEVORAH PERETZ* | DATE SUBMITTED<br>Wednesday, March 18, 2026, 03:28 pm |

**SWARTZ CULLETON FERRIS TRIAL LAWYERS**
By: Devorah Peretz, Esquire
Identification No. 328849
dperetz@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: 215-550-6553
F: 215-550-6557

Attorney for Plaintiff,
Robert Littlejohn

Filed and Attested by the Office of Judicial Records 18 MAR 2026 03:28 pm BREWINGTON

| | | |
|---|---|---|
| ROBERT LITTLEJOHN<br>1027 Flanders Road<br>Philadelphia, PA 19151<br>*Plaintiff* | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| v. | : | ____________ TERM, 2026 |
| OTIS ELEVATOR COMPANY<br>One Carrier Place<br>Farmington, CT 06032 | : | NO. |
| *Defendants* | : | **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
PHILADELPHIA COUNTY BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE

1101 Market Street, 11th Floor
Philadelphia, PA 19107
Telephone : 215-238-6300

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASSOCIACION DE LICENCIADOS DE PHILADELPHIA
SERVICO DE REFERENCIA E INFORMACION LEGAL

1101 Market Street, 11th Floor
Philadelphia, PA 19107
Telefono : 215-238-6300

**SWARTZ CULLETON FERRIS TRIAL LAWYERS**
By: Devorah Peretz, Esquire
Identification No. 328849
dperetz@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: 215-550-6553
F: 215-550-6557

Attorney for Plaintiff,
Robert Littlejohn

| | | |
|---|---|---|
| ROBERT LITTLEJOHN<br>1027 Flanders Road<br>Philadelphia, PA 19151<br>*Plaintiff* | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| v. | : | _____________ TERM, 2026 |
| OTIS ELEVATOR COMPANY<br>One Carrier Place<br>Farmington, CT 06032 | : | NO. |
| *Defendants* | : | **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

1. Plaintiff, Robert Littlejohn, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at the above-captioned address.

2. Defendant, Otis Elevator Company, was and is now a business entity duly organized and existing under the laws of the State of New Jersey, with a principal place of business located in the State of Connecticut at the above-captioned address.

3. Venue is proper in Philadelphia County because the incident giving rise to Plaintiff's claims occurred in Philadelphia County and because one or more of the Defendants regularly and continuously conducts business in Philadelphia County.

4. At all times material hereto, the Defendants acted by and through their respective employees, agents, servants, and/or workmen, who were, in turn, acting within the course and scope of their employment, agency, and/or service for same.

5. At all times material herein, the Defendants, by and through their respective trustees, directors, agents, servants, workmen, employees and/or other representatives, owned, operated, controlled, leased, inspected, possessed, managed, maintained, repaired, and/or were responsible for safety of the elevators at the premises known as Spruce Building, located at 800 Spruce Street, Philadelphia, PA 19107, and/or inspected, manufactured, designed, distributed, maintained, and/or repaired the subject elevator which was involved in Plaintiff's accident.

6. On or about February 6, 2025, Plaintiff, Robert Littlejohn, was a passenger of the aforesaid elevator(s) located in the Spruce Building, located at 800 Spruce Street, Philadelphia, PA, riding to the basement when, suddenly and without warning, the elevator became shaky and unstable before ultimately plummeting down to the bottom of the building with great force and coming to a sudden crashing stop. The subject elevator was apparently manufactured, designed, developed, assembled, tested, inspected, promoted, marketed, licensed, distributed, maintained and/or sold by the Defendant.

7. At all times relevant hereto, Otis Elevator Company was regularly engaged in the business of designing and manufacturing elevators and elevator control systems for a variety of industries and private use, including designing, distributing, assembling, installing, marketing, manufacturing, maintaining, providing safety recommendations, servicing, repairing and/or selling the elevator(s) and/or the component parts thereto located within the premises of Spruce Building, 800 Spruce Street, Philadelphia, PA 19107.

8. At all times relevant hereto, Otis Elevator Company, designed, distributed, assembled, installed, inspected, marketed, manufactured, maintained, repaired, serviced, provided safety recommendations and/or sold the elevator systems, and the component parts thereto, and all instruction manuals and associated warnings, located within the premises of

Spruce Building, 800 Spruce Street, Philadelphia, PA 19107 which was involved in Plaintiff's accident.

9. At all times relevant hereto, Otis Elevator Company maintained, repaired, serviced, and/or provided safety recommendations for the subject elevator system and the component parts thereto, and all instruction manuals and associated warnings, located within the premises of Spruce Building, 800 Spruce Street, Philadelphia, PA 19107.

**COUNT I**
**ROBERT LITTLEJOHN v. OTIS ELEVATOR COMPANY**
**NEGLIGENCE**

10. Plaintiff hereby incorporates by reference paragraphs one (1) through nine (9) of the within Complaint, as though the same were set forth fully at length herein.

11. On or about February 6, 2025, Plaintiff, Robert Littlejohn, was lawfully on the aforesaid premises known as Spruce Building located at 800 Spruce Street, Philadelphia, PA 19107, in an elevator riding to the basement, when, suddenly and without warning, the elevator became shaky and unstable before ultimately plummeting down to the bottom of the building with great force, then coming to a sudden crashing stop, thereby causing Plaintiff to sustain various severe and permanent bodily injuries and losses as more fully set forth below.

12. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, acting by and through its agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

(a) carelessly and negligently allowing the aforesaid elevator on the aforesaid premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff, more specifically: failing to timely address and/or take protective measures, including regular

maintenance and inspection, to prevent the elevator from malfunctioning and plummeting down in a dangerous and hazardous manner;

(b) failing to design, manufacture, apparently manufacture, assemble, license, distribute, maintain and/or sell the subject elevator(s) and its component parts to include an effective and durable safeguard and/or other mechanism to prevent the accident described above which caused Plaintiff's injuries.

(c) failing to properly equip the subject elevator(s) and its component parts with an appropriate safety mechanism to prevent the accident described above which caused Plaintiff's injuries;

(d) failing to properly design, license, manufacture, maintain, and/or apparently manufacture the subject elevator(s) and its component parts to prevent the product from losing its stability and integrity, leading to an extremely hazardous condition such as plummeting uncontrollably to the ground;

(e) carelessly and negligently failing to inspect the elevator(s) in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

(f) failing to ensure that the subject elevator(s) and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers of the product, such as the Plaintiff;

(g) failing to adequately and timely repair defects to the aforesaid elevator;

(h) failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

(i) failing to warn people lawfully upon the aforesaid premises, such as the Plaintiff, of the aforesaid dangerous condition of the aforesaid elevator(s);

(j) allowing the subject elevator(s) and its component parts to be embossed, affixed and/or labeled and sold with Defendant's name and/or trademark which readily identified Defendant as the apparent and/or actual manufacturer of the product ;

(k) vicarious liability as an apparent manufacturer of the subject elevator(s) pursuant to the Restatement (Second) of Torts §400; and

(l) any other acts or omissions that may be revealed during discovery and/or trial of this case.

13. Plaintiff, Robert Littlejohn, in no manner contributed to his own injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

14. As a result of the aforesaid negligence of the Defendant, Plaintiff, Robert Littlejohn, suffered severe injuries, including, but not limited to: medial meniscus tear and bilateral knee sprain, straightening of lumbar lordosis, lumbar sprain/strain, lumbar radiculitis, knee joint effusion, subcutaneous edema, disc herniations and listhesis - lumbosacral and lumbar regions; as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which, he has been in the past and will in the future, be unable to engage in his usual activities, all to his great detriment and loss.

15. As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite period of time.

16. As a further result of the aforesaid accident, Plaintiff, Robert Littlejohn, has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

17. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

18. As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable, and severe.

19. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

20. As a further result of the aforesaid accident, Plaintiff has suffered a great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

**WHEREFORE**, Plaintiff, Robert Littlejohn, demands judgment against Defendant, Otis Elevator Company, in an amount in excess of Fifty Thousand Dollars ($50,000).

**COUNT II**
**ROBERT LITTLEJOHN v. OTIS ELEVATOR COMPANY**
**PRODUCTS LIABILITY – STRICT LIABILITY**

21. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty (20) of the within Complaint, as though the same were set forth fully at length herein.

22. Defendant placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex,* 104 A.3d 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product wherein: (a) the danger of the product was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighed the burden or costs of taking precautions.

23. Defendant designed, manufactured, assembled, maintained, installed, marketed, distributed, repaired and/or sold the aforementioned elevator system and/or its component parts, including all instruction manuals and associated warnings, which caused, at least in part, Plaintiff's accident.

24. The accident described herein was caused solely and exclusively by Defendant's defective design, installation, maintenance, and/or manufacture of the aforesaid elevator system and its component parts.

25. Defendant is strictly liable to Plaintiff as follows:

(a) designing/manufacturing/distributing/installing/maintaining, and/or selling the subject elevator system and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b) failing to design, maintain, and/or regulate the subject elevator system and its component parts to timely address and/or safeguard against the elevator abruptly and forcefully dropping down beyond the furthest designated stop and to a crashing halt when individuals, such as Plaintiff, were in the elevator;

(c) failing to properly design, license, manufacture and/or apparently manufacture, and maintain the subject elevator(s) and its component parts to prevent the product from plummeting uncontrollably into the ground, causing bodily injuries in the normal, reasonable and ordinary use of the product;

(d) failing to properly design the subject elevator system and its component parts to warn users when the elevator doors may abruptly and forcefully fall;

(f) creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(g) failing to ensure that the subject elevator system and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(h) failing to warn purchasers and end users of the dangers of the subject product; and

(i) any other acts or omissions that may be revealed in discovery.

26. The accident described herein was due in no manner to negligence on the part of the Plaintiff.

27. At all times relevant hereto, Defendant's aforesaid elevator system and its component parts were defective and unsafe for consumer use.

28. At all times relevant hereto, there were latent defects in the Defendant's aforesaid elevator system and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

29. The Defendant distributed and sold the aforesaid elevator system and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

30. Defendant is strictly liable to Plaintiff as a result of the defective condition of the subject product.

31. In addition, Defendant designed, manufactured, distributed and sold the elevator system with defective warnings and instructions in violation of the Restatement (Second) of Torts § 402(B).

32. In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid elevator system and its component parts, such as the Plaintiff.

33. The defective warnings and instructions caused Plaintiff's injuries.

34. As a result of the aforementioned conduct of Defendant, Plaintiff suffered severe and permanent injuries, including, but not limited to: medial meniscus tear and bilateral knee sprain, straightening of lumbar lordosis, lumbar sprain/strain, lumbar radiculitis, knee joint effusion, subcutaneous edema, disc herniations and listhesis - lumbosacral and lumbar regions; as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

35. As a result of the aforesaid conduct of the Defendant, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great loss and detriment.

36. As a further result of the aforesaid conduct of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

37. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

38. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

39. As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

40. As a further result of the accident described herein, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

41. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

**WHEREFORE**, Plaintiff, Robert Littlejohn, demands judgment against the Defendant, Otis Elevator Company, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT III**
**ROBERT LITTLEJOHN v. OTIS ELEVATOR COMPANY**
**PRODUCTS LIABILITY - NEGLIGENCE**

42. Plaintiff hereby incorporates by reference paragraphs one (1) through forty-one (41) of the within Complaint as though the same were fully set forth at length herein.

43. At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid elevator system and its component parts, and to sell/distribute that product in a reasonably safe condition.

44. The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, maintaining, and distributing the defectively designed and manufactured elevator system and its component parts, in general, and in particular consisted of the following:

(a) carelessly and negligently distributing, supplying, installing, designing, manufacturing, maintaining, and/or selling the subject elevator system and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b) carelessly and negligently failing to implement a safe system for ensuring the subject elevator system and its component parts could be used safely;

(c) carelessly and negligently failing to recognize the inherent possibility that the subject elevator system and its component parts could malfunction and/or fail;

(d) carelessly and negligently failing to properly equip the subject elevator system and its component parts with proper safety equipment;

(e) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(f) failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, maintenance, lease and/or sale of the said elevator system and its component parts;

(g) failing to ensure that the subject elevator system and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

(h) failing to warn purchasers and end users of the dangers of the subject elevator system; and

(i) otherwise failing to use due care and caution under the circumstances.

45. The aforesaid negligence was a proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

46. As a result of the aforementioned negligence, the Plaintiff suffered the injuries and other damages described in the preceding paragraphs herein, which are incorporated by reference as though fully set forth at length.

**WHEREFORE**, Plaintiff, Robert Littlejohn, demands judgment against the Defendant, Otis Elevator Company, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT IV
## ROBERT LITTLEJOHN v. OTIS ELEVATOR COMPANY
## BREACH OF WARRANTY

47. Plaintiff hereby incorporates by reference paragraphs one (1) through forty-six (46) of the within Complaint as though the same were fully set forth at length herein.

48. As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject elevator system and its component parts were merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

49. As a result of the aforementioned breach, the Plaintiff suffered the injuries and other damage described in the preceding paragraphs herein, which are incorporated by reference as though fully set forth at length.

**WHEREFORE**, Plaintiff, Robert Littlejohn, demands judgment against the Defendant, Otis Elevator Company, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

Respectfully,

**SWARTZ CULLETON FERRIS**
**TRIAL LAWYERS**

By: /s/ Devorah Peretz
Devorah Peretz, Esquire
Attorney for Plaintiff,
Robert Littlejohn

Date: March 18, 2026

## VERIFICATION

I, ____________________, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

X Robert L. Littlejohn

# AFFIDAVIT OF SERVICE

LawServe LLC, 123 South 22nd Street, Philadelphia, PA 19103

| Plaintiff | COURT NAME | Docket Number |
|---|---|---|
| ROBERT LITTLEJOHN | Philadelphia Court of Common Pleas | 260302798 |
| **Defendant** | **DOCUMENT TO BE SERVED** | |
| OTIS ELEVATOR COMPANY | Civil Cover Sheet, Notice to Defend, Complaint, Verification | |

Filed and Attested by the Office of Judicial Records 01 APR 2026 11:45 am B. BALILONIS

| SERVE AT | INDIVIDUAL, COMPANY, CORPORATION, ETC., TO BE SERVED: |
|---|---|
| | **OTIS ELEVATOR COMPANY**<br>One Carrier Place, Farmington, CT 06032 |

| ATTORNEY FOR PLAINTIFF | | INTERNAL CASE # |
|---|---|---|
| Devorah Peretz, Esq.<br>SWARTZ CULLETON FERRIS<br>547 E. Washington Avenue<br>Newtown, PA 18940 | Phone: (215) 550-6553<br>Fax: (215) 550-6557<br>Email: | LITTLEJOHN |

**Jason Douglas**, hereby certifies in accordance with law that he did **serve** upon above named Defendant a true and correct copy of the above-captioned on **March 24, 2026** at **10:47 AM** in the following manner:

89751

- [ ] Party(s) personally served.
- [ ] Adult family member with whom said Party(s) reside(s)
- [ ] Adult in charge of Party's residence who refused to give name or relationship.
- [ ] Adult person in charge of Party's residence.
- [ ] Manager / Clerk of place of lodging in which Party(s) reside(s).
- [X] Agent or person in charge of Party(s) office or usual place of business. **Jason Hanson, Director of Global Security**
- [ ] ______________________ an officer of said Party(s) company.
- [ ] POSTED

Comments:

Description (if required):
Sex: **Male** Age: **35 - 45 Yrs.** Height: **Over 6'** Weight: **161-200 Lbs.** Skin : **White** Hair: **Brown**

On the

Party not found because: ( ) Moved ( ) Unknown ( ) Vacant ( ) Other ( ) No Response

I certify the foregoing to be true and correct.
SWORN TO AND SUBSCRIBED:
Before me this 24th day of

Melissa B Campbell
Notary Public
Melissa B Campbell
NOTARY PUBLIC
State of Connecticut
My Commission Expires 6/30/2028

SIGNATURE

**Jason Douglas**
PRINT NAME

Client ID: LITTLEJOHN
1:38:53 PM